UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
*******************************************************
                                          *
JANE JONES No. 300,                       *
                 Plaintiff                *
                                          *
v.                                        *      C. A. No.
                                          *
SOUTHEASTERN REGIONAL VOCATIONAL          *      JURY TRIAL DEMANDED
TECHNICAL SCHOOL DISTRICT and             *
MATTHEW PARRIS,                           *
                 Defendants               *
                                          *
*******************************************************
```

# COMPLAINT

## INTRODUCTION

1. This action against SOUTHEASTERN REGIONAL VOCATIONAL TECHNICAL SCHOOL DISTRICT arises out of a series of incidents in which the plaintiff, a 14 year old student in the SOUTHEASTERN High School, was groomed, sexually harassed, assaulted and raped by MATTHEW PARRIS, a para-professional in that school, because the school's teachers and administrators knew, or should have known, that he had a history of inappropriate student interactions, but they took no action to protect students from him, pursuant to their obligations under Title IX, 20 U.S.C. § 1681, and Mass. G.L. c. 151C, § 2 (g), and further, failed to file any reports, pursuant to their obligation under Mass. G.L. c. 119, § 51A.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331, as this civil action arises under the laws of the United States of America.

3. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b)(2), because the events giving rise to this claim occurred within this District.

## PARTIES

4. Plaintiff is an individual who resides in Plymouth County and brings this action in the name JANE JONES No. 300 ("JANE"). She is identified in a separate Affidavit which will be served upon the defendants.

5. Defendant SOUTHEASTERN REGIONAL VOCATIONAL TECHNICAL SCHOOL DISTRICT ("SOUTHEASTERN") is a regional school district within the Commonwealth of Massachusetts, formed pursuant to G.L. c. 74, § 4, with an usual place of business at 250 Foundry Street, South Easton, Plymouth County, Massachusetts.

6. Defendant MATTHEW PARRIS ("PARRIS") is an individual in the custody of the Bristol County Jail and House of Correction, 400 Faunce Corner Road, North Dartmouth, Bristol County, Massachusetts.

## FACTS COMMON TO ALL CLAIMS

7. Plaintiff brings this action pursuant to Massachusetts General Laws, Chapter 260, §§4C & 4C½, as amended by Chapter 145 of the Acts of 2014.

8. At all times relevant to this action defendant SOUTHEASTERN, through its School Department, was responsible for the operations and administration of the Southeastern Regional Vocational Technical High School (the "High School"), and employed the defendant PARRIS.

9. At all times relevant to this action, defendant PARRIS was employed by defendant SOUTHEASTERN as a para-professional teacher's aide at the High School.

10. At all relevant times and in all actions described in this Complaint, defendant SOUTHEASTERN's employees, including, without limitation, defendant PARRIS, were acting under the color of law, under color of their authority as members of the SOUTHEASTERN School District, and within the scope of their employment with SOUTHEASTERN.

11. The SOUTHEASTERN School District Mission Statement states "We believe that all students must feel safe, both physically and emotionally, in all areas of learning to ensure a safe, productive and respectful learning environment."

12. The SOUTHEASTERN District Sexual Harassment Policy, which purports to comply with the requirements of Title IX, and states:

    It shall be a violation of this policy for any member of the school community to engage in any form of discrimination, including harassment and retaliation, or to violate any other civil right of any member of the school community. We recognize that discrimination can take a range of forms and can be targeted or unintentional; however, discrimination in any form, including harassment and retaliation, will not be tolerated.

13. At all times relevant to this action, defendant SOUTHEASTERN and its employees were each Mandated Reporters who had a duty, under G.L. c. 119, §51A, to report all instances of sexual abuse of students at SOUTHEASTERN to the Massachusetts Department of Children and Families, or a law enforcement agency.

14. Notwithstanding these policies, requirements, and obligations imposed by regulation and law, SOUTHEASTERN allowed, and encouraged, an atmosphere of familiarity between the teachers and para-professional staff, and the students, different from the accepted and expected boundaries in an educational setting.

15. At all times relevant to this action, plaintiff JANE was a student at the High School.

16. Plaintiff JANE entered the High School in 2018, when she was fourteen (14) years old.

17. JANE met defendant PARRIS in February, 2019, because she chose training at the metal fabrication shop, where PARRIS was a para-professional. At that time PARRIS was 28 years old – twice her age – married, and expecting his first child.

18. Defendant PARRIS was JANE's para-educator welding teacher while she attended the ninth and tenth grades at the High School.

19. Defendant PARRIS began grooming JANE when she was 14 years old, singling her out for special attention, praise and constant compliments. He introduced her to his favorite rock band, "My Chemical Romance," discussed his personal life, and encouraged JANE to tell him about her friends, families, hobbies and her life. He established a relationship which made her feel safe with him.

20. In February, 2020, after the birth of his child, and shortly after defendant PARRIS turned 29 years old, he began texting JANE, giving her more details about his life, which included descriptions of very explicit sexual experiences, particularly with a former girlfriend named "Fire," and he talked about how much JANE reminded him of her.

21. Defendant PARRIS was spending more time with JANE than with other students, something which was evident to the other teachers and students in the shop.

22. The shop was different from other school environments because it had individual booths in which some of the work took place.

23. Supervision was also different in the shop. The teachers and students interacted differently than they would in a class room, with more physical contact and a more

informal "construction site" atmosphere, with different, looser, boundaries than those expected in an educational setting.

24. Defendant PARRIS made use of this lack of supervision to bring JANE to the most distant welding booths, where there was minimal ability for other educators to observe his conduct.

25. At that point, until March, 2020, defendant PARRIS began a series of acts, first verbal, then physical, during which he subjected JANE to threats, intimidation, physical and sexual assaults, and rape.

26. Defendant PARRIS sexually assaulted and raped JANE in the SOUTHEASTERN classroom shop and in other locations.

27. Defendant PARRIS forced another female student, A.H., to take part in these abusive activities.

28. Defendant PARRIS' unusual and frequent interactions with young female students were noticed by both students and teachers in the shop, and were the subject of so much discussion that defendant PARRIS became aware of it.

29. In addition, one of JANE's teachers, Mr. Messier, specifically asked PARRIS if there was "something going on" between him and JANE. However, no one filed a report, as required by G.L. c. 119, § 51A

30. On March 5, 2020, JANE was called in to speak with her Guidance Counselor, whom she told about the sexual assaults by defendant PARRIS.

31. After the meeting, JANE got on her bus to go home. While she was sitting there, defendant PARRIS walked quickly by the bus. His conduct was so widely known in the school that the children on the bus were yelling "Pedophile!" out the windows

as he walked by.

32. Defendant PARRIS's special focus on, and inappropriate attention to, JANE and A.H., and persistent boundary violations were open, obvious, and readily observed by students and teachers.

33. No SOUTHEASTERN employees, who were mandated reporters, made any report of this information to the Department of Children and Families or the Easton Police Department, despite the requirement to do so under G.L. c. 119, § 51A.

34. By these failures to perform this duty, defendant SOUTHEASTERN intentionally inflicted emotional distress upon JANE, who then knew defendant PARRIS would suffer no consequences for his acts, and that she was not going to be safe from future assaults by defendant PARRIS.

35. JANE's life changed completely after this failure. Welding was her passion. She was in a unique position to become a skilled female welder, and had the ability to do so, but PARRIS's assaults made being in the SOUTHEASTERN learning environment impossible.

36. Defendant PARRIS was tried in Bristol County, where, after JANE testified, the jury found him guilty of sexually assaulting her.

37. On August 8, 2025, defendant PARRIS was sentenced to 2½ years in jail and to register as a sex offender.

38. Because of the several failures of defendant SOUTHEASTERN, its teachers and administrators, JANE has been severely harmed, and will continue to require mental health treatment for the foreseeable future.

## CLAIM 1 - NEGLIGENCE

39. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

40. Defendant SOUTHEASTERN created an atmosphere in its welding shop where there were no normal levels of supervision of teacher-student interactions, and the accepted levels of teacher-student boundaries were in place.

41. Defendant SOUTHEASTERN knew or should have known that defendant PARRIS would sexually harass, assault and rape JANE, and failed to prevent it, or to protect her from future assaults, after becoming aware of defendant PARRIS's conduct.

42. Further, defendant SOUTHEASTERN failed to perform its statutory duties under G.L. c. 119, §51A.

43. JANE has suffered and continues to suffer severe and permanent mental distress and emotional harm, as well as other consequential damages as a result of defendant SOUTHEASTERN's negligence.

## CLAIM 2 - NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION

44. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

45. Defendant SOUTHEASTERN had a duty to exercise reasonable care in hiring, training, supervising and/or retaining defendant PARRIS. It was negligent and breached this duty.

46. As a result of defendant's SOUTHEASTERN's negligence and breach of duty in hiring, training, supervising, and/or retaining defendant PARRIS, it allowed and failed to prevent defendant PARRIS from sexually assaulting and sexually harassing

JANE, and continuing to sexually assault her after becoming aware of defendant PARRIS's conduct..

47. JANE has suffered and continues to suffer severe and permanent mental distress and emotional harm, as well as other consequential damages as a result of defendant SOUTHEASTERN's negligence.

### CLAIM 3 - NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION

48. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

49. Defendant SOUTHEASTERN had a duty to exercise reasonable care in hiring, training, supervising and/or retaining its High School teachers and administrators who were responsible for the standards of supervision in the welding shop. It was negligent and breached this duty.

50. As a result of defendant's SOUTHEASTERN's negligence and breach of duty in hiring, training, supervising, and/or retaining its High School teachers and administrators, who were responsible for the standards of supervision in the welding shop, they allowed and failed to prevent defendant PARRIS from sexually assaulting and sexually harassing JANE, and continuing to sexually assault her after becoming aware of defendant PARRIS's conduct.

51. As a result of defendant's SOUTHEASTERN's negligence and breach of duty in hiring, training, supervising, and/or retaining its High School teachers and administrators, they allowed and failed to prevent defendant PARRIS from sexually assaulting and sexually harassing JANE, and continuing to sexually assault her after becoming aware of defendant PARRIS's conduct, and they failed to perform their

statutory duties under G.L. c. 119, §51A.

52. JANE has suffered and continues to suffer severe and permanent mental distress and emotional harm, as well as other consequential damages as a result of defendant SOUTHEASTERN's negligence.

### CLAIM 4 - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

53. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

54. By its conduct, defendant SOUTHEASTERN negligently inflicted emotional distress on JANE, by negligently hiring, training, supervising and/or retaining defendant PARRIS, and/or by allowing and/or failing to prevent defendant PARRIS from sexually assaulting, and/or sexually harassing JANE, and continuing to assault JANE after becoming aware of defendant PARRIS's criminal conduct, and knew or should have known that its negligence would result in emotional distress to JANE.

55. JANE has suffered and continues to suffer severe and permanent mental distress and emotional harm, physical symptoms, as well as other consequential damages as a result of defendant SOUTHEASTERN's negligence.

### CLAIM 5 - VIOLATIONS OF G.L. C. 151C

56. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

57. Defendant SOUTHEASTERN is an educational institution within the meaning of G.L. c. 151C, § 2 (g).

58. Defendant SOUTHEASTERN is strictly and vicariously liable for actions committed by its employees that are within the scope of employment and furthered by their

employment.

59. Defendant SOUTHEASTERN committed an unfair educational practice under G.L. c. 151C, § 2 (g) when defendant PARRIS, an employee of defendant SOUTHEASTERN, sexually harassed, assaulted, battered and raped JANE, a minor and a student at defendant SOUTHEASTERN.

60. Defendant SOUTHEASTERN committed an unfair educational practice under G.L. c. 151C, § 2 (g) when it became aware defendant PARRIS, an employee of defendant SOUTHEASTERN, had sexually harassed, assaulted, battered and raped JANE, a minor and a student at defendant SOUTHEASTERN, but took no action to stop PARRIS from future sexual harassment, assaults, batteries and rapes, after becoming aware of defendant PARRIS's conduct.

61. The sexual harassment, assaults, batteries and rapes, perpetrated by defendant PARRIS, under the supervision of defendant SOUTHEASTERN, had the purpose or effect of interfering with JANE's education by creating an intimidating, hostile, humiliating, and sexually offensive educational environment.

62. As a result of defendant SOUTHEASTERN's unfair educational practices, in violation of G.L. c. 151C, § 2 (g), and enforceable through G.L. c. 214, § 1C, JANE suffered and continues to suffer severe and permanent mental distress, emotional harm, as well as other consequential damages.

### CLAIM 6 - VIOLATIONS OF 20 U.S.C.A. §1681(c), TITLE IX

63. Defendant SOUTHEASTERN is an educational institution as defined by 20 U.S.C.A. §1681(c), Title IX, Education Amendments of 1972 (hereinafter "Title IX") which receives federal financial assistance, through a variety of educational programs. As

a result, even if it were not obliged to do so under state law, SOUTHEASTERN was required to adopt and implement sexual harassment policies under Title IX.

64. Plaintiff JANE suffered extraordinary harm due to the repeated sexually harassing conduct of defendant PARRIS, and the sexually hostile environment created by him, of which defendant had actual knowledge and failed to correct.

65. Defendant failed to take appropriate actions to protect plaintiff and others from sexual harassment within the SOUTHEASTERN school system, after having actual notice of the harassment, all in violation of Title IX and in violation of rights guaranteed by the United States and Massachusetts constitutions, statutes, laws and regulations.

66. Defendant SOUTHEASTERN actually knew about the specific misconduct and sexual harassment committed by defendant PARRIS, and was deliberately indifferent to this conduct, all to plaintiff's harm and continuing exposure to a sexually hostile educational environment.

67. Alternatively, SOUTHEASTERN should have been aware of the misconduct and sexual harassment committed by PARRIS due to its pervasive nature, and PARRIS's prior history of committing such acts.

68. Defendant, through its actions and inactions described herein, and through a pattern of deliberate indifference, created and permitted a severe, pervasive and persistent sexually hostile educational environment in violation of Title IX of the Education Amendments of 1972.

69. PARRIS's sexually harassing conduct and physical touching were not welcomed by plaintiff, and were not made with the plaintiff's permission.

70. Defendant violated the requirements of Title IX by these acts and omissions, all of which were conducted, and/or failed to be conducted, in reckless and deliberate indifference to the rights of plaintiff guaranteed by Title IX and in reckless and deliberate indifference to the risk of harm posed to plaintiff.

71. Because of the several failures of defendant SOUTHEASTERN, its teachers and administrators, JANE has been severely harmed, and will continue to require mental health treatment for the foreseeable future.

### CLAIM 7 - BATTERY

72. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint

73. Defendant PARRIS battered the plaintiff JANE, by engaging in unlawful and non-consensual sexual conduct with her.

74. JANE has suffered and continues to suffer severe and permanent mental distress and emotional harm, as well as other consequential damages as a result of defendant PARRIS's intentional conduct.

### CLAIM 8 - ASSAULT

75. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

76. Defendant PARRIS assaulted the plaintiff JANE, by placing her in fear that he would engage, or would attempt to engage, in unlawful and non-consensual sexual conduct with her.

77. JANE has suffered and continues to suffer severe and permanent mental distress and emotional harm, as well as other consequential damages as a result of

defendant PARRIS's intentional conduct.

### CLAIM 9 - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

78. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

79. Defendant PARRIS negligently inflicted emotional distress upon plaintiff JANE by placing her in fear that he would engage, or would attempt to engage, in unlawful and non-consensual sexual conduct with her in the future.

80. JANE has suffered and continues to suffer severe and permanent mental distress and emotional harm, as well as other consequential damages as a result of defendant PARRIS's negligent conduct.

### CLAIM 10 - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

81. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

82. Defendant PARRIS intentionally inflicted emotional distress upon plaintiff JANE by placing her in fear that he would engage, or would attempt to engage, in unlawful and non-consensual sexual conduct with her in the future.

83. JANE has suffered and continues to suffer severe and permanent mental distress and emotional harm, as well as other consequential damages as a result of defendant PARRIS's intentional conduct.

### CLAIM 11 - CIVIL RIGHTS

84. Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

85. Defendant PARRIS interfered with plaintiff JANE's rights under the constitution and

laws of the United States, and under the constitution and laws of the Commonwealth of Massachusetts by threats, intimidation and coercion.

86. Defendant PARRIS's conduct deprived plaintiff JANE of her constitutional rights to bodily integrity, and to be free from sexual harassment which constitutes discrimination, based upon her gender, under both Article 1 of the Declaration of Rights, and the Equal Protection clause of the Fourteenth Amendment to the United States Constitution. Defendant PARRIS is liable to the plaintiff in accordance with G.L. c. 12, §§11H & 11I.

87. Plaintiff JANE suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. She has incurred expenses and will likely incur future expenses for medical and psychological treatment, and has suffered loss of earning capacity.

## DEMANDS FOR RELIEF

Wherefore Plaintiff prays this Honorable Court to grant to the Plaintiff the following relief:

A. Judgment against defendant SOUTHEASTERN on each of the CLAIMS stated, in an amount which is fair, just and adequate for the injuries and damages sustained, and the pain and suffering endured, plus interest, costs, and attorney's fees in accordance with G.L. c. 151B, § 9.

B. Judgment against defendant PARRIS on each of the CLAIMS stated, in an amount which is fair, just and adequate for the injuries and damages sustained, and the pain and suffering endured, plus interest, costs and attorney's fees.

C. Such other and further relief as the Court may deem appropriate and just.

**DEMAND FOR JURY TRIAL**

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS**.

>By her Attorneys,
>
>/s/ *Carmen L. Durso*
>CARMEN L. DURSO, ESQUIRE
>BBO # 139340
>Law Office of Carmen L. Durso
>276 Union Avenue
>Framingham, MA 01702
>617-728-9123  / *carmen@dursolaw.com*
>
>
>/s/ *Michael J. Heineman*
>MICHAEL J. HEINEMAN, ESQUIRE
>BBO # 556841
>/s/ *Amanda Bryant*
>AMANDA BRYANT, ESQUIRE
>BBO # 703258
>Heinlein Beeler Mingace & Heineman, PC
>276 Union Avenue
>Framingham, MA 01702
>(508) 626-8500
>MHeineman@HBMHlaw.com
>
>August 22, 2025